IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. DNCW1:16CR8 |
| ) | (Financial Litigation Unit) |
| ) | |
| CAMERON D. SAWTELLE, ) | |
| Defendant, ) | |
| and ) | |
| ) | |
| AUTO ADVANTAGE INC., ) | |
| Garnishee. ) | |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Government's Motion for Order of Continuing Garnishment (Doc. 21).

On December 17, 2009, Defendant was sentenced for his conviction of financial institution fraud in violation of 18 U.S.C. §§ 1344 and 2. As a term of the resulting Judgment, Defendant was ordered to pay an assessment of $100.00 and restitution of $27,000.00 to the victims of the crime. The balance of this debt as of January 7, 2020 was $26,000.00

On January 9, 2020, the Court entered a Writ of Continuing Garnishment ("Writ") (Doc. 17) to the Garnishee, Auto Advantage Inc.

The docket indicates that the Writ and other information, including instructions to Defendant, were mailed to Defendant and the Garnishee on January 9, 2020 by first-class certified mail. (Doc. 19).

The Garnishee received the Writ on January 15, 2020. (Docs. 20, 21).

The same day, the Garnishee sent its Answer by first-class mail to Defendant and the Government. (Doc. 20) at 4.[1] The Garnishee's Answer appears to indicate that the Garnishee has in its custody, control, or possession, property or funds owned by or owing to Defendant, in particular, his employment earnings.

Pursuant to federal debt collection procedures, a judgment debtor or the United States may file a written objection to the answer of a garnishee and request a hearing. Such filings are due "within 20 days after receipt of the answer." 28 U.S.C. § 3205(c)(5). Here, Defendant was advised of this deadline. (Doc. 18) at 1 ("If you want a hearing, within twenty (20) days after receipt of the Answer of Garnishee, you may file a written objection to the Answer and request a hearing") and at 2 (discussing failure to request a hearing "within twenty (20) days of receiving the Answer of Garnishee…").

The record does not identify a specific date on which Defendant physically received the Garnishee's Answer. However, some courts have

---

[1] The Garnishee's Answer was filed on January 21, 2020.

indicated that a debtor's objection deadline may be calculated as twenty-three days from the date of the service of the Garnishee's Answer. See <u>United States v. Womack</u>, No. 1:12CR176-1, 2014 WL 1757366, at *3 (M.D.N.C. Apr. 30, 2014), report and recommendation adopted, No. 1:12-CR-176-1, 2014 WL 2628539 (M.D.N.C. June 11, 2014); <u>United States v. Jenkins</u>, No. 3:05-CR-244, 2014 WL 202007, at *3 (E.D. Va. Jan. 17, 2014)(citing 28 U.S.C. § 3205(c)(5); Fed.R.Civ.P. 5(b)(2)(C); Fed.R.Crim.P. 45(c))(debtor could have filed an objection to garnishee's answer and requested a hearing on the objection within twenty-three days of the date garnishee mailed a copy of its answer to debtor).

In this case, the Garnishee's Answer was mailed to Defendant on January 15, 2020. Defendant did not object during the following twenty-three days—by February 7, 2020— and otherwise has filed no response or request for a hearing.[2]

---

[2] The Government's Motion also states that "Defendant was served with the Writ on January 31, 2020." The undersigned presumes that by this the Government means the Writ and other materials that were mailed to Defendant on January 9 actually reached Defendant on January 31. Nonetheless, even if Defendant's objection period did not begin to run until January 31, he still did not file any objection or hearing request within the twenty-three days thereafter.

IT IS THEREFORE ORDERED THAT:

1. An Order of Continuing Garnishment is **ENTERED** in the amount of $26,000.00 as computed through January 7, 2020. The Garnishee is directed to pay the United States the maximum allowable garnishment from Defendant's aggregate disposable earnings for any workweek, pursuant to 15 U.S.C. § 1673. The payments shall continue until the debt to the United States is paid in full, until the Garnishee no longer has custody, possession, or control of any property belonging to Defendant, or until further Order of this Court, whichever first occurs. Payments should be made payable to the United States Clerk of Court and mailed to:

    > Clerk of the United States District Court
    > 401 West Trade Street
    > Charlotte, North Carolina 28202

    In order to ensure that each payment is credited properly, the following should be included on each check: Court Number DNCW1:16CR8.

2. The Garnishee is **DIRECTED** to advise the Court if Defendant's employment is terminated at any time by either the Garnishee or Defendant.

3. The United States may submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program, any federal payment Defendant would normally receive may be offset and applied to this debt.

Signed: February 27, 2020

W. Carleton Metcalf
United States Magistrate Judge